IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET HSIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:12-CV-3739-L-BN |
| | § | |
| SHERRI BROKAW | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Margaret Hsin, appearing *pro se*, has filed a motion to proceed *in forma pauperis* in this civil action which appears to raise claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.,* the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.,* and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*   For the reasons stated herein, the motion should be denied.

A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). A court enjoys limited discretion to grant or deny *in forma pauperis* status based on the financial resources of the litigant. *See Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 337 (1948).

-1-

Plaintiff has submitted an affidavit which states that she is unable to pay the costs of maintaining this action. However, the affidavit indicates that plaintiff has a monthly income of $8,500, owns a $380,000 home and a vehicle worth $18,000 in cash. Her monthly living expenses total $6,639. When asked why she cannot pay the costs of this proceeding, plaintiff states, "federal employee, FDIC." The filing fee for a civil action is $350. *See* 28 U.S.C. § 1914(a). In view of plaintiff's financial resources, the court determines that she is able to pay this fee and the other costs of suit without causing undue financial hardship.

## RECOMMENDATION

Plaintiff's motion to proceed *in forma pauperis* [Doc. #5] should be denied. Plaintiff should be ordered to pay the statutory filing fee within 20 days after this recommendation is adopted by the district judge. If she fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

-2-

DATED: September 20, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE